# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JEREMIE SHENEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CV-103 |
| | ) |
| ROBERT TRUITT, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This matter is before the Court on the "Civil Legal Malpractice Complaint under Title 28 U.S.C. § 1332", filed by Plaintiff, Jeremie Sheneman, a *pro se* prisoner, on March 9, 2015. For the reasons set forth below, the complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

BACKGROUND

Jeremie Sheneman ("Sheneman") brings suit against, Robert D. Truitt, the court-appointed attorney who represented him in two 2011 wire fraud prosecutions: *United States v. Sheneman*, 3:10-CR-120 (N.D. Ind. Filed September 9, 2010), and *United States v. Sheneman*, 3:10-CR-126 (N.D. Ind. Filed October 13, 2010). He alleges Attorney Truitt was negligent in his representation and brings a state law claim against him for legal malpractice.

-1-

Sheneman has brought suit here claiming this court has subject matter jurisdiction based on diversity of citizenship.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, a Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, a court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because jurisdiction is the first question in every federal case, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541

(1986), the court must address whether it has subject matter jurisdiction. "In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). The complaint shows the parties have complete diversity of citizenship. That satisfies the first inquiry.

While Sheneman seeks $10,000,000 in compensatory and punitive damages, it must be determined if it is legally possible for Sheneman to recover $75,000 on this claim. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court."). The Seventh Circuit has recently faced the identical issue this Court here. See *Banks v. Preston Humphrey, LLC*, No. 14-3766, 2015 WL 1840665 (April 23, 2015). In *Banks*, the plaintiff was convicted of drug charges and sued his court-appointed attorney for legal malpractice. The Seventh Circuit noted that, "[b]ecause Banks did not pay [the court-appointed attorney] to represent him, the only plausible damages to Banks from [the attorney's] allegedly compromised advice to plead guilty would be for the time that Banks has been wrongly convicted. *Id.* at *2 (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1384-85 (2012)). But, because his conviction was

still intact, the Seventh Circuit noted that the possibility of damages for a wrongful conviction was eliminated. *Id.* at *2 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). As a result, Banks' actual damages could not meet the jurisdictional threshold. *Id.* at *3. And, because Banks was not entitled to recovery punitive damages, the Seventh Circuit dismissed Banks' case for lack of subject matter jurisdiction. *Id.*

Sheneman, like Banks, did not pay for his court-appointed counsel to represent him. Thus, the only actual damages Sheneman could recover due to Truitt's alleged malpractice would be for the time that Sheneman has been wrongly incarcerated. However, because Sheneman's convictions are still intact, (see 3:10-CR-120 and 3:10-CR-126), he can not recover for any such damages. As a result, a recovery of punitive damages would be the only way Sheneman could meet the amount in controversy requirement.

In Indiana, "punitive damages may be awarded only upon a showing of willful and wanton misconduct such that the defendant subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences. Or where the defendant acted maliciously, fraudulently, oppressively, or with gross negligence and the conduct was not the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other such noniniquitous human failing." *Yost v. Wabash College*, 3 N.E.3d

509, 523-24 (Ind. 2014) (citations and quotations omitted).

Here, Sheneman alleges his attorney was negligent in providing representation. Sheneman complains that Attorney Truitt failed to disclose pretrial discovery to him and also failed to make various arguments on Sheneman's behalf at trial. In sum, he alleges Attorney Truitt was simply unprepared to defend the case. (DE 1 at 4, ¶ 22; at 5.) While Sheneman's complaint pleads a breach of professional duty, (*Id*. at 2 ¶ 5), it does not plead intentional misconduct. Thus, punitive damages are unavailable in this case.

There is no theoretical possibility that Sheneman can meet the amount in controversy requirement. As such, this case must be dismissed for lack of subject matter jurisdiction. Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Until Sheneman's convictions are overturned, his legal malpractice claim against his court appointed attorney can not meet the amount in controversy requirement, no matter how it is pled.

CONLUSION

For the reasons set forth above, this case is the complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

DATED: June 12, 2015                /s/RUDY LOZANO, Judge
                                    **United States District Court**